IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ERIC S. CLARK,

        Plaintiff,

vs.                                  Case No. 16-4037-SAC-KGS

LORETTA E. LYNCH,
United States Attorney General,

        Defendant.

**MEMORANDUM AND ORDER**

This is a _pro se_ civil rights action alleging the denial of plaintiff's Second Amendment rights and the violation of other constitutional rights. This case is now before the court upon defendant's motion to dismiss plaintiff's second amended complaint. Defendant seeks dismissal for lack of jurisdiction, pursuant to FED.R.CIV.P. 12(b)(1), and failure to state a claim, pursuant to FED.R.CIV.P. 12(b)(6).

I. STANDARDS

A court liberally construes a _pro se_ complaint and applies "less stringent standards than formal pleadings drafted by lawyers." _Erickson v. Pardus_, 551 U.S. 89, 94 (2007). But, the court "will not supply additional factual allegations to round out a [_pro se_] plaintiff's complaint or construct a legal theory on plaintiff's behalf." _Whitney v. New Mexico_, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Under FED.R.CIV.P. 12(b)(1) of the Federal Rules of Civil Procedure, a court must dismiss a claim if convinced there is a lack of subject matter jurisdiction.  "A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."  Holt v. U.S., 46 F.3d 1000, 1003 (10th Cir. 1995).

II. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges jurisdiction under 28 U.S.C. § 1331 and Article III, section 2 of the Constitution of the United States. Plaintiff also alleges that the amount in controversy exceeds the $75,000 threshold in the diversity jurisdiction statute, 28 U.S.C. § 1332.

Plaintiff alleges that in 2003 he was convicted of a felony - "involuntary manslaughter-DUI" - in Kansas and briefly imprisoned. Plaintiff was released on May 4, 2003.  More than ten years later, on two occasions relevant to this lawsuit, plaintiff was turned down when he tried to acquire a firearm

2

from a federal firearms licensee.[1]  The first time was October 23, 2014.  The second time was February 8, 2016.

Plaintiff contends that his right to keep and bear arms was restored on May 5, 2013 and that he has not had another disqualifying offense.  Plaintiff claims that his right to bear arms was unconstitutionally infringed when he was denied his right to acquire a firearm on October 23, 2014 and February 8, 2016.  Plaintiff further contends that the background check system implemented in 18 U.S.C. § 922(t) and authorized under 18 U.S.C. § 922(g)(1) acts as an unconstitutional prior restraint upon his Second Amendment right to bear arms and also violates his rights to Due Process and against Double Jeopardy.

The Attorney General is the sole defendant in this case.

III. SOVEREIGN IMMUNITY PROTECTS DEFENDANT FROM DAMAGES RELIEF.

Plaintiff does not allege that defendant Lynch personally participated in actions which denied plaintiff his constitutional rights.  Therefore, the court assumes that plaintiff is suing defendant Lynch in her official capacity as Attorney General of the United States.  This is effectively the same as suing the United States.  <u>Kentucky v. Graham</u>, 473 U.S. 159, 165-66 (1985); <u>Merida Delgado v. Gonzales</u>, 428 F.3d 916, 919 (10th Cir. 2005).

---

[1] Plaintiff asserts that on several other occasions prior to October 23, 2014, he was successful in acquiring firearms although there may have been some delay involved.  Plaintiff also asserts that he was denied once previous to October 23, 2014, but successfully appealed and overturned the denial.

The United States may not be sued except in the manner in which it consents to be sued. U.S. v. Murdock Mach. and Engineering Co. of Utah, 81 F.3d 922, 929 (10th Cir. 1996). This applies to suits for damages. U.S. v. Testan, 424 U.S. 392, 400 (1976). Consent happens "only when Congress unequivocally expresse[s] its intention to waive the government's sovereign immunity in the statutory text." Murdock Mach. and Engineering, 81 F.3d at 930 (interior quotation omitted). Waivers of sovereign immunity are traditionally strictly construed in favor of the sovereign. U.S. v. Nordic Village, Inc., 503 U.S. 30, 33-34 (1992).

Plaintiff, as explained below, has not cited authority which supports finding consent by the United States to be sued under the circumstances alleged in the complaint. Rather, plaintiff argues that the United States is required to cite statutory or Constitutional authority for claiming sovereign immunity. This argument, however, is contrary to the case authority cited in the previous paragraph.

Plaintiff cites 28 U.S.C. § 1331. But, this statute, which confers general federal question jurisdiction, does not waive the government's sovereign immunity. Gonzales, 428 F.3d at 919; Lonsdale v. United States, 919 F.2d 1440, 1444 (10th Cir.1990); U.S. v. Dillard, 884 F.Supp.2d 1177, 1183 (D.Kan. 2012). Plaintiff also cites 28 U.S.C. § 1332, which concerns lawsuits

4

between citizens of different states, subjects of foreign states or foreign states. The statute does not concern lawsuits by or against the United States and does not expressly waive the sovereign immunity of the United States. See Dawkins v. U.S. Drug Enforcement Administration, 1998 WL 152937 *1 (6th Cir. 3/23/1998); General Ry. Signal Co. v. Corcoran, 921 F.2d 700, 703-04 (7th Cir. 1991); Reading v. U.S., 506 F.Supp.2d 13, 20 (D.D.C. 2007). Plaintiff has further cited Article III, section 2 of the Constitution. This section extends the judicial power of the federal court to cases in which the United States is a party and to cases arising under the Constitution and laws of the United States. But, this language is not considered an express waiver of sovereign immunity. See Taylor v. U.S., 292 Fed.Appx. 383, 385 (5th Cir. 2008); Thurman v. Internal Revenue Agency, 2014 WL 7507241 *2 (D.Ariz. 12/16/2014); Smith v. Krieger, 643 F.Supp.2d 1274, 1291 (D.Colo. 2009); Noll v. Peterson, 2001 WL 721733 *3 (D.Idaho 5/14/2001); see also, Fetter v. U.S., 1992 WL 203890 *1 (9th Cir. 1992)("the Constitution itself does not contain a waiver of sovereign immunity").

Finally, plaintiff refers to 42 U.S.C. § 1983 which provides a cause of action against a "person" who under color of state law deprives a citizen of his rights under the Constitution and federal law. Again, this is not an unequivocal

waiver of the United States' sovereign immunity. Beals v. U.S. Dept. of Justice, 460 Fed.Appx. 773, 775 (10th Cir. 2012); Bourdon v. Mabus, 813 F.Supp.2d 200, 209-10 (D.D.C. 2011); Johnson v. U.S. Social Security Administration, 2005 WL 418543 *3 (N.D.Cal. 2005);  The Supreme Court has held that a State is not a "person" for purposes of § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 70-71 (1989).  Similarly, the United States is not a "person." U.S. v. Vital Health Products, Ltd., 786 F.Supp. 761, 778 (E.D.Wis. 1992) aff'd, 985 F.2d 563 (7th Cir. 1993).  Further, plaintiff has not alleged that the United States acted under color of state law as required for liability under § 1983.  See Beals, 460 Fed.Appx. at 775 (§ 1983 does not apply to federal officers acting under color of federal law).  For these reasons, the court does not have jurisdiction to consider plaintiff's damages claims against defendant in her official capacity.  To reiterate, plaintiff does not allege facts to support a claim against defendant in her individual capacity.  Therefore, plaintiff has not alleged facts to support a viable claim for damages relief.

IV. PLAINTIFF DOES NOT HAVE STANDING TO SEEK INJUNCTIVE RELIEF.

Standing is a jurisdictional prerequisite. Dias v. City and County of Denver, 567 F.3d 1169, 1176 (10th Cir. 2009); Phelps v. Hamilton, 122 F.3d 1309, 1316 (10th Cir. 1997). Plaintiff has the burden of showing standing. Lujan v.

Defenders of Wildlife, 504 U.S. 555, 561 (1992).  Plaintiff also has the burden of adequately alleging a plausible claim of injury to support standing.  COPE v. Kansas State Bd. of Educ., 821 F.3d 1215, 1221 (10th Cir. 2016).  "Federal courts scrupulously guard the boundaries of their jurisdiction; they are duty-bound not to permit a standing determination to rest on speculation or conjecture."  New Mexico Off-Highway Vehicle Alliance v. U.S. Forest Service, 645 Fed.Appx. 795, 804 (10th Cir. 2016).  This court recently recited the elements of standing from a Tenth Circuit opinion in a case involving this plaintiff:

> [S]tanding generally has three requirements: (1) an injury in fact; (2) causation; and (3) redressability. Lujan, 504 U.S. at 560–61, 112 S.Ct. 2130. To satisfy the first of these three elements, a plaintiff must offer something more than the hypothetical possibility of injury. The alleged injury must be concrete, particularized, and actual or imminent. Id. at 560, 112 S.Ct. 2130. And while "'imminence' is concededly a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes—that the injury is 'certainly impending.'" Id. at 564 n. 2, 112 S.Ct. 2130 (quoting Whitmore v. Arkansas, 495 U.S. 149, 158, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990)).
>
> To establish such an injury in the context of a pre-enforcement challenge to a criminal statute, a plaintiff must typically demonstrate (1) "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by [the challenged] statute," and (2) that "there exists a credible threat of prosecution thereunder." Susan B. Anthony List, 134 S.Ct. at 2342 (quoting Babbitt v.

7

United Farm Workers Nat'l Union, 442 U.S. 289, 298, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979))."

Clark v. City of Shawnee, 2016 WL 1715452 *3 (D.Kan. 4/29/2016)(quoting Colorado Outfitters Ass'n v. Hickenlooper, 823 F.3d 537, 544-45 (10th Cir. 2016)).

In the second amended complaint, plaintiff asks generally that the court enjoin defendant from enforcing 18 U.S.C. § 922(g)(1) and t(1). Defendant contends that plaintiff has not sufficiently alleged standing to ask for injunctive relief. The court agrees.

While plaintiff alleges that he has twice been refused permission to obtain a firearm, he does not allege facts showing more than a sheer possibility that he will be determined ineligible in the future.[2] Defendant argues, without dispute from plaintiff, that plaintiff was determined ineligible in October 2014 on the basis of an amendment to Kansas law.[3] That amendment, however, was revised with legislation in 2015. The revision made it so that plaintiff is no longer prohibited (by the FBI's interpretation) from receiving a firearm. The FBI wrote a letter to plaintiff explaining this on May 26, 2016. The letter states in part: "you are not prohibited from

---

[2] Plaintiff generally claims in the opening paragraph of the second amended complaint that he intends to purchase and possess a firearm and that he is presently prevented from doing so. But, this is a conclusory allegation which is not supported by specific facts in plaintiff's 21-page complaint.
[3] Plaintiff disputes whether he should have been prohibited on that basis. But, he does not dispute that this was the grounds relied upon by defendant.

8

subsequent attempts to possess or receive a firearm." Doc. 15-1, p. 9. Plaintiff was, by defendant's account, mistakenly denied permission to purchase a firearm in February 2016. After plaintiff appealed this denial, he received another letter from the FBI, dated August 29, 2016. The letter reversed the denial and stated that plaintiff is "eligible to possess or receive a firearm." Doc. No. 19-1.

A plaintiff lacks standing to seek prospective injunctive relief if he cannot demonstrate a real or immediate threat of future harm. City of Los Angeles v. Lyons, 461 U.S. 95, 105-06 (1983). Past exposure to illegal conduct does not demonstrate a real or immediate threat of future illegal conduct. See Buchwald v. University of N.M. Sch. of Med., 159 F.3d 487, 493-94 (10th Cir. 1998); Phelps, 122 F.3d at 1316; Smith v. Colorado Dept. of Corrections, 23 F.3d 339, 341 (10th Cir. 1994); see also, Schutz v. Thorne, 415 F.3d 1128, 1134-35 (10th Cir. 2005)(past hunts and allegation of interest in future hunts did not provide standing to challenge statute requiring professional or resident guides for out-of-state hunters).

This standing analysis extends to plaintiff's facial challenge to the constitutionality of § 922(g) and (t). Dias, 567 F.3d at 1177. "In the context of a facial challenge to the constitutionality of a penal statute, a plaintiff alleges a continuing injury if 'there exists a credible threat of [future]

9

prosecution thereunder.'" Id., quoting Ward v. Utah, 321 F.3d 1263, 1267 (10th Cir. 2003). In this instance, plaintiff does not allege facts demonstrating a credible threat of prosecution, first, because the facts do not describe grounds for prosecution (or instances of past prosecution), and second, because the facts alleged do not describe a past threat of prosecution or a threat of future prosecution which has chilled his exercise of his constitutional rights.[4]

Plaintiff also contends that the NICS check implemented under § 922(t)(1) will require an unconstitutional delay in his ability to purchase a firearm. Again, while plaintiff has faced delays in some past instances waiting upon an appeals process, plaintiff does not allege facts in his complaint which describe more than a speculative threat of a future delay which would cause concrete injury to plaintiff. Therefore, the court finds that plaintiff has failed to allege standing to litigate his claim for injunctive relief.

---

[4] For the same reasons, plaintiff does not state a claim for declaratory judgment. A declaratory judgment ordinarily should not be granted unless the parties' plans of actions are likely to be affected by the declaratory judgment. Jordan v. Sosa, 654 F.3d 1012, 1030 (10th Cir. 2011)(citing and quoting Green v. Branson, 108 F.3d 1296, 1300 (10th Cir. 1997) and Armstrong World Indus., Inc. v. Adams, 961 F.2d 405, 412 (3d Cir. 1992)); see also Barney v. Pulsipher, 143 F.3d 1299, 1306 n.3 (10th Cir. 1998)(a plaintiff cannot maintain a declaratory judgment action unless he or she can establish a good chance of being likewise injured in the future).

V. CONCLUSION

In conclusion, this court does not have jurisdiction to consider plaintiff's damages claims because defendant has sovereign immunity against those claims as alleged. In addition, the court does not have jurisdiction to consider plaintiff's claims for injunctive relief because plaintiff does not allege facts which demonstrate more than a sheer possibility of standing. Also, plaintiff's allegations do not support a claim for declaratory judgment. For these reasons, defendant's motion to dismiss (Doc. No. 18) shall be granted and this case shall be dismissed without prejudice.

**IT IS SO ORDERED.**

Dated this 29th day of September 2016, at Topeka, Kansas.

s/Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge